1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **EASTERN DISTRICT OF WASHINGTON**

7 ROLANDE JOSIANE HEDDLESTEN,          No. 1:15-CV-03066-MKD

8                    Plaintiff,                    ORDER DENYING PLAINTIFF'S
                                                   MOTION FOR SUMMARY
9          vs.                                     JUDGMENT AND GRANTING
                                                   DEFENDANT'S MOTION FOR
10 CAROLYN W. COLVIN,                              SUMMARY JUDGMENT

11 Acting Commissioner of Social Security,         ECF Nos. 22, 24

12                    Defendant.

13         BEFORE THE COURT are the parties' cross-motions for summary

14 judgment.  ECF Nos. 22, 24.  The parties consented to proceed before a magistrate

15 judge.  ECF No. 20.  The Court, having reviewed the administrative record and the

16 parties' briefing, is fully informed.  For the reasons discussed below, the Court

17 denies Plaintiff's motion (ECF No. 22) and grants Defendant's motion (ECF No.

18 24).

19

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

*Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shineski v. Sanders*, 556 U.S. 396, 409-410 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1    "substantial gainful activity," the Commissioner must find that the claimant is not

2    disabled.  20 C.F.R. § 404.1520(b).

3            If the claimant is not engaged in substantial gainful activity, the analysis

4    proceeds to step two.  At this step, the Commissioner considers the severity of the

5    claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers

6    from "any impairment or combination of impairments which significantly limits

7    [his or her] physical or mental ability to do basic work activities," the analysis

8    proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment

9    does not satisfy this severity threshold, however, the Commissioner must find that

10   the claimant is not disabled.  20 C.F.R. § 404.1520(c).

11           At step three, the Commissioner compares the claimant's impairment to

12   severe impairments recognized by the Commissioner to be so severe as to preclude

13   a person from engaging in substantial gainful activity.  20 C.F.R. §

14   404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the

15   enumerated impairments, the Commissioner must find the claimant disabled and

16   award benefits.  20 C.F.R. § 404.1520(d).

17           If the severity of the claimant's impairment does not meet or exceed the

18   severity of the enumerated impairments, the Commissioner must pause to assess

19   the claimant's "residual functional capacity."  Residual functional capacity (RFC),

20   defined generally as the claimant's ability to perform physical and mental work

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

activities on a sustained basis despite his or her limitations, 20 C.F.R. §
404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's
RFC, the claimant is capable of performing work that he or she has performed in
the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is
capable of performing past relevant work, the Commissioner must find that the
claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of
performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's
RFC, the claimant is capable of performing other work in the national economy.
20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner
must also consider vocational factors such as the claimant's age, education and
past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of
adjusting to other work, the Commissioner must find that the claimant is not
disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to
other work, analysis concludes with a finding that the claimant is disabled and is
therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above.
*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to
step five, the burden shifts to the Commissioner to establish that (1) the claimant is

1  capable of performing other work; and (2) such work "exists in significant

2  numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*,

3  700 F.3d 386, 389 (9th Cir. 2012).

4                              **ALJ's FINDINGS**

5         Plaintiff applied for Title II disability insurance benefits on January 29,

6  2009, alleging onset beginning June 30, 2005.  Tr. 19, 128-129.  The application

7  was denied initially, Tr. 74, and upon reconsideration, Tr. 75.  Plaintiff appeared

8  for a hearing before an administrative law judge (ALJ) on February 1, 2011.  Tr.

9  28-73.  On February 17, 2011, the ALJ denied Plaintiff's claim.  Tr. 16-27.

10        As a threshold issue, the ALJ found that Plaintiff met the insured status

11 requirements of the Act with respect to her disability benefit claim through

12 December 31, 2007.  Tr. 19.  At step one, the ALJ found that Plaintiff has not

13 engaged in substantial gainful activity since June 30, 2005.  Tr. 21.  At step two,

14 the ALJ found no medical signs or laboratory findings to substantiate the existence

15 of a medically determinable impairment before her date last insured (DLI).  Tr. 21.

16 On that basis, the ALJ concluded that Plaintiff is not disabled as defined in the

17 Social Security Act.  Tr. 23.  The Appeals Council denied review on August 12,

18 2012, and Plaintiff sought judicial review.  Tr. 1-7, 603-605.

19

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

On April 2, 2014, the United States District Court for the Eastern District of Washington granted Plaintiff summary judgment and remanded the case to the Social Security Administration because:

> The ALJ committed legal error by failing to make a finding whether Plaintiff was disabled after her DLI; failing to determine the onset date of Plaintiff's impairments and concluding her analysis at Step Two; and by failing to consider properly all the record evidence.

Tr. 629.

On remand, Plaintiff appeared for a hearing before a different ALJ on October 1, 2014. Tr. 495-537. On March 5, 2015, the ALJ denied Plaintiff's claim. Tr. 475-488. The ALJ, at step one, found that Plaintiff has not engaged in substantial gainful activity since June 30, 2005. Tr. 478. At step two, the ALJ found Plaintiff's bipolar disorder to be a medically determinable impairment. Tr. 478. But, because "there [was] nothing in the record from which to determine that it would impact work," the ALJ did not find Plaintiff's bipolar disorder severe prior to her DLI. Tr. 478. The ALJ also considered opinions regarding Plaintiff's functioning after her DLI. Tr. 483. The record, the ALJ found, did not establish any impairment that significantly limited her ability to perform basic work-related activities for 12-consecutive months during the period she was insured or the period thereafter. Tr. 483. Therefore, there was "no finding of disability from which to relate back to the relevant period." Tr. 484.

Even assuming Plaintiff's bipolar disorder was severe during the relevant period, the ALJ alternatively found that considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff could have performed, such as hand packager, laundry laborer, and housekeeper.  Tr. 486.  On that basis, the ALJ concluded that Plaintiff is not disabled as defined in the Social Security Act.  Tr. 488.

The Appeals Council did not assume jurisdiction of the case, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1484.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act.  ECF No. 22.  Plaintiff raises the following issue for this Court's review:

1.  Whether the ALJ properly found that Plaintiff's impairment was not severe.

ECF No. 22 at 15.

### A.  Step Two – The Severity of Plaintiff's Impairment

At step two, the ALJ found Plaintiff's psychological impairments were not severe.  Tr. 478.  Plaintiff contends this was error.  ECF No. 22 at 15-22.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

Plaintiff bears the burden to establish the existence of a severe impairment or combination of impairments, which prevent her from performing substantial gainful activity, and that the impairment or combination of impairments lasted for at least twelve continuous months.  20 C.F.R. §§ 416.920(a)(4)(ii), 416.920(c), 416.909; *Edlund v. Massanari*, 253 F.3d 1162, 1159-1160 (9th Cir. 2001).

A physical or mental impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).  An impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and "under no circumstances may the existence of an impairment be established on the basis of symptoms alone."  *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citing SSR 96–4p, 1996 WL 374187 (July 2, 1996)) (defining "symptoms" as an "individual's own perception or description of the impact of" the impairment).

The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations.  *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).  An impairment, to be considered severe, must significantly limit an individual's ability to perform basic work activities.  20 C.F.R. § 416.920(c);

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

*Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  An impairment is not

severe if it does not significantly limit a claimant's physical or mental ability to do

basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a).[1]  An impairment does

not limit an ability to do basic work activities where it "would have no more than a

minimal effect on an individual's ability to work."  *Yuckert v. Bowen*, 841 F.2d

303, 306 (9th Cir. 1988).

Basic work activities include walking, standing, sitting, lifting, pushing,

pulling, reaching, carrying, or handling; seeing, hearing, and speaking;

understanding, carrying out and remembering simple instructions; responding

appropriately to supervision, coworkers and usual work situations; and dealing

with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b), 416.1521(b);

S.S.R. 85-28.

The ALJ found that Plaintiff had a medically determinable impairment which

she generalized as bipolar disorder.  Tr. 478.  "[H]owever," the ALJ found "nothing

in the record from which to determine that it would impact work."  Tr. 478.  The

ALJ acknowledged Plaintiff's history of depression and brief hospitalization in

March 2005, but noted this was for a brief period of time.  Tr. 480.  "There [wa]s no

_____

[1] The Supreme Court upheld the validity of the Commissioner's severity regulation,

as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

evidence Plaintiff enrolled in formal mental health treatment, such as therapy, during the relevant period, and her treatment was limited to medication, at least beginning in August 2005." Tr. 480.  Based on the lack of any other treatment, the ALJ found "that prescription medication was successful enough to prevent debilitating symptoms in the period at issue." Tr. 481; *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (An impairment effectively controlled with medication is not disabling.).  In short, the ALJ found "nothing in the record from which to infer significant limitations to the claimant's ability to perform basic work activities." Tr. 481.

Plaintiff contests the ALJ's finding and references her and her son's testimony to establish her limitations.  ECF No. 22 at 20 (citing Tr. 230, 519-23). Plaintiff's son wrote about the period following the March 2005 hospitalization when his mother came to stay with him because she was evicted from her home for failing to pay rent.  Tr. 230.  During that time she "had problems sleeping and thought she was going to die." Tr. 230.  After a few months, she returned to living with her husband and began receiving treatment for depression.  Tr. 230.  At the second hearing, Plaintiff testified that, in the period following her 2005 hospitalization, she experienced bipolar symptoms, especially when she did not take her medication.  Tr. 520.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

1    The ALJ considered this and other lay testimony and concluded it "does not

2    provide a basis to determine the claimant's functioning during the relevant period."

3    Tr. 480.  The ALJ could not discern what, if any, limitations Plaintiff experienced

4    on the basis of her and her son's testimony.  Tr. 480.

5        Even if it were possible to assess Plaintiff's limitations based on lay

6    testimony, the ALJ found that testimony inconsistent with the evidence.  Tr. 481.

7    The record showed "medication stabilized Plaintiff, as evidenced by the fact that

8    she did not return for psychiatric hospitalization, or any crisis treatment at all,

9    during the period at issue."  Tr. 481.  Plaintiff's husband's testimony, the ALJ

10   observed, is consistent with this assessment.  Tr. 481.  After Plaintiff started

11   medication, Plaintiff "got thru the day," even if she was not back to what her

12   husband considered "normal."  Tr. 481.  On theses bases, the ALJ concluded

13   Plaintiff did not suffer severe limitations during the relevant period.  Substantial

14   evidence supports the ALJ's findings.

15       Last, even if the ALJ credited the testimony of Plaintiff and her son, she

16   would not establish disability during the relevant period.  Their testimony, as the

17   ALJ noted, indicated Plaintiff did not exhibit symptomatic behavior until 2008.  Tr.

18   481 (citing Tr. 221-222, 230-32).  Thus, the ALJ did not find the lay witness

19   testimony indicative of disability during the insured period.  Tr. 481.

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

Plaintiff next faults the ALJ for not considering whether her bipolar disorder was severe after her DLI.  The prior Court order, as Plaintiff explained, found the ALJ erred by "fail[ing] to consider medical evidence post-date of last insured . . . to determine whether Plaintiff had a severe impairment."  Tr. 626.  "Consequently the ALJ never made a determination whether Plaintiff was currently disabled, and if so, what was the date of onset."  Tr. 626.

Plaintiff misreads the ALJ's decision; the ALJ considered whether the limitations opined by physicians and the testimony of lay witnesses established a severe impairment *after* her DLI as the Court's prior order required.  Tr. 483.  The record, the ALJ found, did not establish any impairment that significantly limited Plaintiff's ability to perform basic work-related activities for 12-consecutive months, during the period she was insured or the period thereafter.  Tr. 483.

### 1. Medical Opinion Evidence

Plaintiff challenges the ALJ's finding, contending the ALJ erroneously rejected Dr. Vickers and Dr. Qadir's opinions.  ECF No. 22 at 16.  However, Plaintiff does not challenge the ALJ's rational for rejecting he doctors' opinions.  Rather, Plaintiff contends the Court's prior order required the ALJ to credit as true the opinions of Dr. Vickers and Dr. Qadir.  ECF No. 22 at 17.

In assessing the severity of Plaintiff's impairment and any resulting limitations, the ALJ considered the medical opinions of several providers.  There

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

1  are three types of physicians: "(1) those who treat the claimant (treating

2  physicians); (2) those who examine but do not treat the claimant (examining

3  physicians); and (3) those who neither examine nor treat the claimant but who

4  review the claimant's file (nonexamining or reviewing physicians)." *Holohan v.*

5  *Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted).

6  "Generally, a treating physician's opinion carries more weight than an examining

7  physician's, and an examining physician's opinion carries more weight than a

8  reviewing physician's." *Id*. "In addition, the regulations give more weight to

9  opinions that are explained than to those that are not, and to the opinions of

10  specialists concerning matters relating to their specialty over that of

11  nonspecialists." *Id*. (citations omitted).

12      If a treating or examining physician's opinion is uncontradicted, an ALJ may

13  reject it only by offering "clear and convincing reasons that are supported by

14  substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

15  "However, the ALJ need not accept the opinion of any physician, including a

16  treating physician, if that opinion is brief, conclusory and inadequately supported

17  by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228

18  (internal quotation marks and brackets omitted). "If a treating or examining

19  doctor's opinion is contradicted by another doctor's opinion, an ALJ may only

20  reject it by providing specific and legitimate reasons that are supported by

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

1    substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d

2    821, 830-31 (9th Cir. 1995)).

3            *a.  Dr. Bailey*

4            The ALJ considered the opinion of James Bailey, Ph.D., and assessed it

5    some weight.  Tr. 483-484.  In July of 2009, Dr. Bailey indicated there was

6    insufficient evidence to conclude Plaintiff was disabled.  Tr. 386.  The ALJ

7    afforded this portion of Dr. Bailey's opinion significant weight.  Tr. 483.  Despite

8    acknowledging the insufficiency of the record, Dr. Bailey checked boxes

9    indicating Plaintiff suffered moderate limitations in social functioning and

10   concentration, persistence, and pace.  Tr. 396.  The ALJ "assigned minimal

11   weight" to this portion of Dr. Bailey's opinion because it was inconsistent with his

12   other notes.  Tr. 483; *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003)

13   (affirming ALJ's rejection of physician's opinion as unsupported by physician's

14   treatment notes).  For example, the ALJ found this opinion inconsistent with Dr.

15   Bailey's notes, indicating that it was "reasonable to presume that [Plaintiff] was

16   stable on meds at 12/31/07 DLI . . . ."  Tr. 483 (citing Tr. 398).  Moreover, the ALJ

17   found Dr. Bailey's assessment at odds with his prior statement about the

18   insufficiency of the evidence.  Tr. 483-484.  Thus, to the extent Dr. Bailey

19   expressed an opinion suggesting Plaintiff experienced some limitations that might

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

constitute a "severe" impairment – before or after her DLI – the ALJ discredited Dr. Bailey.

### b. Dr. Meadows

The ALJ also considered testimony from medical expert Lloyd Meadows, Ph.D.  Tr. 484.  Dr. Meadows opined at the February 1, 2011 hearing that the record did not support finding a severe impairment during the insured period or at the time he testified in February 2011.  Tr. 484 (citing Tr. 61-62).  At times, however, Dr. Meadow's vacillated and appeared to concur with the opinion of Dr. Abdul Qadir.  Tr. 484.  To the extent Dr. Meadows concurred with Dr. Qadir's opinion, the ALJ assigned his opinion minimal weight, for the same reasons he discredited Dr. Qadir's opinion, discussed *infra*.  Tr. 484.

### c. Dr. Qadir

Dr. Qadir completed a form in December 2010, which included several checked boxes indicating some moderate limitations.  Tr. 469-471.  First, the ALJ found Dr. Qadir's assessed limitations unpersuasive because he did not provide any explanation for them.  Tr. 485.  Opinions on a check-box form or form reports which do not contain significant explanation of the basis for the conclusions, like Dr. Qadir's, may be accorded little or no weight.  *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *see also Bray*, 554 F.3d at 1228 (An ALJ may reject opinions that are conclusory and inadequately supported.).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

1    Second, the ALJ found the assessed limitations inconsistent with Dr. Qadir's

2  own notes.  For example, in chart notes drafted four days prior to completing the

3  check-box form, Dr. Qadir noted Plaintiff "does not have any hypomanic

4  symptoms."  Tr. 430.  Six months prior, when Dr. Qadir last saw Plaintiff, "she

5  was doing pretty well."  Tr. 430.  While Plaintiff appeared "mildly dysphoric" at

6  the December appointment, Dr. Qadir did not express any significant concern.  Tr.

7  430.  Instead, he scheduled Plaintiff's next appointment three months out.  Tr. 992.

8  An ALJ may reject a physician's opinion where, as here, the physician's treatment

9  notes do not support his opinion.  *See Connett*, 340 F.3d at 875.

10    Third, the ALJ found the medical record inconsistent with Dr. Qadir's

11  assessment.  Tr. 486.  For example, in January 2012, Dr. Qadir wrote a letter in

12  support of Plaintiff's application for disability in which he opined that she

13  decompensated very easily even when compliant with medications.  Tr. 486 (citing

14  Tr. 1004).  As a result, Dr. Qadir opined that she was unable to handle any kind of

15  work stress.  *Id*.  But, the ALJ observed, Plaintiff's medical record showed she has

16  been hospitalized only when she was not compliant with her medications and

17  under stress.  Tr. 486.  Moreover, when compliant with her medication, Plaintiff

18  was able to withstand the stress of divorcing her husband without any evidence of

19  decompensation.  Tr. 486 (citing Tr. 1016, 1033).  An opinion inconsistent with the

20  evidence of record and treatment notes constitutes a specific and legitimate reason

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

1  for discounting a physician's opinion.  *Tommassetti v. Astrue*, 533 F.3d 1035, 1041

2  (9th Cir. 2008).  For those reasons, the ALJ accorded Dr. Qadir's opinions minimal

3  weight.  Tr. 485-486.

4          *d.  Dr. Vickers*

5          The record also contained an opinion from Dr. Joseph Vickers, Plaintiff's

6  treating physician from July 2008 to November 2010.  Tr. 406-408.  In November

7  2010, Dr. Vickers completed a representative-supplied disability form on behalf of

8  the Plaintiff.  Tr. 406-408.  In the form, Dr. Vickers acknowledged that Plaintiff's

9  prognosis was "good for stability as long as she is maintained on her meds."  Tr.

10 407.  But, he went on to opine that she could not work while medicated because

11 her medications make her drowsy.  Tr. 407.  Without her medications, Dr. Vickers

12 opined that she would likely destabilize.  Tr. 407.

13         The ALJ found no clinical basis for Dr. Vickers' opinion.  Tr. 485.  Dr.

14 Vickers never treated Plaintiff for mental health complaints.  *Bray*, 554 F.3d at

15 1228 (An ALJ may reject opinions that are conclusory and inadequately

16 supported.).  The majority of his clinical notes addressed routine health exams and

17 transitory physical complaints.  *See generally* Tr. 315-342, 435-465, 1054-1078.

18 While Dr. Vickers noted Plaintiff's mental health complaints and subjective reports

19 of improvement and worsening, he specifically deferred management of

20 psychotropic medications to the Plaintiff's psychiatrist.  Tr. 485 (citing Tr. 323).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

At no point did Dr. Vickers ever administer any mental testing.  Instead, the ALJ observed, Dr. Vickers' form appeared to merely repeat claimant's subjective allegations, allegations the ALJ discredited.  Tr. 485 (citing Tr. 406-408).  An ALJ may discount the opinion of a medical source whose conclusions are based largely on discredited, subjective complaints of a claimant.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ also discounted Dr. Vickers' opinion that Plaintiff would be too drowsy on her medications to work.  Tr. 485.  Those times when Dr. Vickers noted Plaintiff appeared drowsy corresponded to times when Plaintiff was taking more benzodiazepines than prescribed, which the ALJ noted could explain such drowsiness.  Tr. 485 (citing Tr. 350).  When Plaintiff was no longer taking benzodiazepines but compliant with her other prescribed medications, she did not report and the chart notes do not mention any drowsiness.  Tr. 485 (citing Tr. 427).  After her 2011 hospitalization, Plaintiff briefly complained of daytime fatigue but, the ALJ observed, this resolved after her medications were adjusted.  Tr. 485.  In September 2012, Plaintiff denied any side effects from her medication.  Tr. 485 (citing Tr. 1038).  In addition to these inconsistent treatment notes, the ALJ found Plaintiff's activities contradicted Dr. Vickers' reasoning.  Tr. 485.  For example, the ALJ noted that Plaintiff applied to transport senior citizens, a task she could not do if she were experiencing daytime drowsiness.  Tr. 485.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

1   The ALJ concluded neither Dr. Vickers nor Dr. Qadir's "opinions establish a

2   severe impairment while the claimant was insured or thereafter."  Tr. 484.

3       *2. Credit as True*

4       Instead of challenge the ALJ's bases for discrediting the opinions of Dr.

5   Vickers and Dr. Qadir, Plaintiff contends the Court's prior order required the ALJ

6   to credit as true their opinions.  ECF No. 22 at 17.

7       In its prior order, the Court found the ALJ erred in rejecting the opinions of

8   Dr. Vickers and Dr. Qadir.  ECF No. 22 at 16-17 (citing Tr. 628).  Plaintiff

9   contends that error required the most recent ALJ to credit their opinion as a matter

10  of law.  ECF No. 22 at 17 (citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)

11  (internal citations omitted)).  Plaintiff reasons that if the ALJ credited their

12  opinions, her impairments would qualify as severe.  ECF No. 22 at 21.

13      Plaintiff misreads the Court's prior order.  The Court found the ALJ erred

14  because the prior ALJ did not consider Dr. Vicker and Dr. Qadir's opinion; instead

15  of considering the opinions, the ALJ summarily rejected their opinions because

16  they did not treat Plaintiff during the relevant time period.  Tr. 628.  Because the

17  ALJ "fail[ed] to consider properly all the record evidence," the Court found "it

18  [wa]s necessary to remand this case to the ALJ for further proceedings."  Tr. 629.

19  The Court did not direct the ALJ, upon remand, to credit the opinions of Dr.

20  Vicker and Dr. Qadir as true.  *See generally* Tr. 620-630.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 20

1    The ALJ's reading of the Court's prior order is consistent with case law in

2    this Circuit.  Under the credit-as-true rule, three conditions must be satisfied: (1)

3    the record must be fully developed and further proceeding unnecessary; (2) the

4    ALJ must have failed to provide legally sufficient reasons for rejecting evidence;

5    and (3) if the improperly discredited evidence were credited as true, the ALJ would

6    be required to find the claimant disabled on remand.  *Garrison v. Colvin*, 759 F.3d

7    995, 1020 (9th Cir. 2014).  Here, rather than crediting the testimony of Dr. Vicker

8    and Dr. Qadir as true, the District Court remanded Plaintiff's application to the

9    agency for further proceedings, which included evaluating the medical evidence.

10   The very nature of the Court's prior order confirms that Plaintiff did not satisfy the

11   first condition under the credit-as-true rule.  Accordingly, the ALJ was not required

12   to credit their opinions as true.

13       As the Court's prior order required, the ALJ properly evaluated the evidence

14   of record – both before and after Plaintiff's DLI – and concluded Plaintiff's mental

15   impairments were not severe.  As described above, substantial evidence supports

16   the ALJ's decision.

17   **B. Harmless Error**

18       Plaintiff contends the ALJ's step two finding that she did not suffer a severe

19   impairment was not harmless because: "by concluding that [Plaintiff] does not

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 21

1  have severe impairments, the ALJ never made a determination whether [Plaintiff]

2  is currently disabled, and if so, what was the date of onset."  ECF No. 22 at 21.

3      To the contrary, the ALJ made alternate findings.  First, as discussed *supra*,

4  the ALJ, in fact, assessed the DLI-period and determined that Plaintiff did not have

5  a severe impairment after her date last insured.  Tr. 483.  As a result, the ALJ was

6  not required to continue with the sequential process evaluation.  Furthermore,

7  because the ALJ determined that Plaintiff was not disabled, the ALJ was not

8  required to call an expert to determine the onset date.  *Sam v. Astrue*, 550 F.3d 808,

9  810-811 (9th Cir. 2008).

10      Second, as an alternative finding, the ALJ concluded that even in Plaintiff

11  suffered from a severe impairment during the insured period, Plaintiff could

12  "understand, remember, and carry out unskilled, routine, and repetitive work, and

13  can cope with occasional work setting change and occasional interaction with

14  supervisors.  She can work in proximity to co-workers, but not in a team or

15  cooperative effort.  She can perform work that does not require interaction with the

16  general public as an essential element of the job, but occasional incidental contact

17  with the general public is not precluded."  Tr. 487.  The ALJ then concluded that

18  during the relevant insured period "[e]ven if [her] impairment were considered

19  severe, there is other work she could have performed . . . . such as hand packager,

20  laundry laborer, and housekeeper"  Tr. 486.  Thus, even if, as Plaintiff claims, "at a

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 22

minimum, the ALJ should have found at Step Two that Plaintiff had severe impairments of anxiety, depression, and bipolar disorder," ECF No. 22 at 16 (citing Tr. 628), any error was harmless. *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (Errors that do not affect the ultimate result are harmless.).

## CONCLUSION

The ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (ECF No. 22) is **DENIED.**

2.  Defendant's Motion for Summary Judgment (ECF No. 24) is **GRANTED**.

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE DEFENDANT,** provide copies to counsel, and **CLOSE** the file.

DATED this Tuesday, September 20, 2016.

*s/ Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 23